## Norfolk

COURTESY MOTORS, INC.

v.

FORD MOTOR COMPANY

No. 0648-85

Argued October 15, 1985

Decided January 21, 1986

COUNSEL

W. T. Robey, III (Robey and Irvine, on brief), for appellant.

Joseph A. Ritok, Jr. (Bernard J. Natkin; Dykema, Gossett, Spencer, Goodnow & Trigg; Natkin, Heslep & Natkin, on brief), for appellee.

OPINION

**BAKER, J.**—This is an appeal by Courtesy Motors, Inc. (Courtesy) from an April 17, 1985 order of the Circuit Court for the City of Buena Vista (trial court) which confirmed an order of the Commissioner of Motor Vehicles (Commissioner) that permitted Ford Motor Company (Ford) to grant a franchise to Lexington Ford to operate a Ford dealership in the City of Lexington, Virginia. Lexington is located approximately six (6) miles from Buena Vista, the city in which Courtesy had operated a Ford dealership for approximately nineteen (19) years.

When Ford gave notice that it intended to establish a new franchise in Lexington, Courtesy, pursuant to Code § 46.1-547(d), requested the Commissioner to cause a hearing to be held to determine whether the market would support such additional dealership.

On June 11, 1984, pursuant to the provisions of Code § 46.1-547(d), a hearing was held in Buena Vista before Hearing Officer William Nelson Alexander, II (Hearing Officer). After receiving evidence, the Hearing Officer filed a report with the Commissioner in which he held that the proposed new dealership was in the trade area of Courtesy, but recommended that the Lexington

franchise be granted. Pursuant to the provisions of Code § 46.1-550.1A, Courtesy appealed the decision of the Commissioner to the Circuit Court for the City of Buena Vista and, among others, assigned as error that the Motor Vehicles' Advisory Board was unlawfully constituted.

■ The Commissioner is required to appoint a *Motor Vehicle Dealers' Advisory Board* consisting of six members, which "shall consult with *and advise the Commissioner with respect to matters brought before the Commissioner*," and no two of whom *"may be franchised to sell automobiles or trucks manufactured or distributed by the same person or a subsidiary or affiliate of the same person."* (emphasis added). *See* Code § 46.1-550.2.

■ Prior to considering other errors assigned, we must decide whether the Motor Vehicle Dealers' Advisory Board (Board) was validly constituted and, if not, whether such defect nullifies the action of the Commissioner which was sustained by the trial court. By law, the Commissioner must: (1) appoint a six-member Board; (2) with no two or more members franchised to sell the same motor vehicle; and (3) to consult with them and receive their advice. Until this is validly done, the Commissioner is not authorized to approve or disapprove the proposed new dealership. The Board which made the recommendation here contained two franchised Ford dealers. In this respect, the requirements of the statute were not met in that the Commissioner made his decision prior to consulting with and receiving the advice and recommendation of a Board whose membership was consistent with the mandate of Code § 46.1-550.2.

Ford argues that since one of the members of the Board owned three Mazda franchises and only one Ford franchise, for the purposes of Code § 46.1-550.2, this made him a Mazda dealer and not a Ford dealer. We disagree. The statute clearly provides that "no two of such dealers may be franchised to sell automobiles . . . manufactured by the same person."[1] The fact that the member may own franchises from other manufacturers does not alter the prohibition contained in the statute.

---

[1] Here, the meaning of the word "person" for legal purposes includes corporations. *See* Code § 46.1-1(20).

Ford further argues that there is no evidence that any "economic pressure" was brought to bear upon any Board member dealer by a franchisor or manufacturer. We agree that there is no such evidene in this record, but in enacting Code § 46.1-550.2, the General Assembly intended to remove even the temptation for such pressure. It is irrelevant that the record fails to disclose the existence of economic pressure being brought to bear on a franchised dealer member of the Board.

Next, Ford argues that the opinion of the Board is advisory only and that the Commissioner is not required to follow the Board's recommendation. We also agree with this statement; however, Code § 46.1-550.1B specifically provides that "*[b]efore* rendering *any decision* under *this article,* the Commissioner *shall* obtain *recommendations* on the subject from the Motor Vehicle Dealers' Advisory Board." (emphasis added). The clear mandate of this Code section and Code § 46.1-550.2 is that *before* the Commissioner can act he must receive a recommendation from a *validly* constituted Board. We hold that this Board was not comprised of members as required by Code § 46.1-550.2 and, therefore, that the Commissioner has acted without receiving the recommendations mandated by the General Assembly.

Finally, Ford argues that if the Commissioner's decision is invalid, no impediment exists to Ford itself establishing a motor vehicle dealership in Lexington. In view of our decision here, that issue need not be decided in this cause.

Because the membership of the Board contained more than one dealer franchised by the same manufacturer, the determination of the Commissioner was not made in compliance with the cited sections of the code and is, therefore, void. For that reason, the judgment of the trial court is reversed and this cause is remanded so that a Board consisting of persons contemplated by Code § 46.1-550.2(b) may be selected to review the evidence elicited at a new hearing held pursuant to Code § 46.1-547(d) and give advice to the Commissioner according to law.

In view of the foregoing holding it is not necessary for us to review the remaining assignments of error.

*Reversed and remanded.*

Barrow, J., and Hodges, J., concurred.